PRESSY (UNITED STATES v.). See Case No. 16,086.

---

## Case No. 11,392.

### In re PRESTON.

[3 N. B. R. 103 (Quarto, 27).] [1]

District Court, S. D. New York. July 14, 1869.

BANKRUPTCY—SCHEDULES—AMENDMENT.

Bankrupt may, by order of court, amend his schedules, even after the consideration of specification in opposition to his discharge.

[Cited in Re Heller, Case No. 6,339.]

[In the matter of Alvan B. Preston, a bankrupt.]

John Lyon, for bankrupt.
Charles A. Fowler, for creditors.

---

## Case No. 11,393.

### In re PRESTON.

[5 N. B. R. (1871) 293.] [1]

District Court, Washington Territory.

BANKRUPTCY—CLAIM FOR COSTS—PROOF OF DEBT—WHAT COSTS ALLOWED.

A debt or principal must be proven or allowed before the costs made prior to the commencement of proceedings in bankruptcy can be proven and allowed. Costs are but incident, if there is no principal or debt there can be no incident. Where the original debt has been proved and allowed, attachment costs can be proved as a general debt against the estate of the bankrupt if made in good faith before the commencement of proceedings in bankruptcy without a knowledge of the insolvency of the party, and with no intention to defeat the operations of the bankrupt act [of 1867 (14 Stat. 517)]. Costs incurred after the commencement of bankruptcy proceedings, also costs for attaching and keeping the exempt property, disallowed.

---

[1] [Reprinted by permission.]

"On this twentieth day of July, eighteen hundred and seventy-one, before W. W. Theobalds, register in bankruptcy of said district, personally appeared John J. McGilvra, of Seattle, in the county of King and territory of Washington, attorney and agent of Benjamin Stretch, sheriff of Snohomish county, in said territory, and after by me being duly sworn, says that the said Charles H. Preston, the person by whom a petition for adjudication of bankruptcy has been filed, was, at and before the filing of the said petition, and still is, justly and truly indebted to the said Benjamin Stretch, in the sum of one hundred and ninety-eight dollars, for costs in two certain attachment cases as follows: One hundred and thirty-seven dollars and seventy-five cents, in the case of White v. Preston, and sixty dollars and twenty-five cents in the case of Waterman & Katz v. Preston, and both commenced in the said district court, and returnable at the August term, eighteen hundred and seventy-one, a copy of which said fee bills are hereunto attached and marked Ex. 'A and B,' and made a part hereof, for which sum of one hundred and ninety-eight dollars or any part thereof, this deponent says that the said Stretch, as affiant, is informed and believes, has not, nor has any person by his order had or received any manner of satisfaction or security whatever. And deponent further says that ne is duly authorized by his principal to make this affidavit, and that it is within his knowledge that the aforesaid debt or demand was incurred as above stated, and that the same, to the best of his knowledge and belief, still remains unpaid and unsatisfied. Subscribed and sworn to, this twentieth day of July, eighteen hundred and seventy-one.   John J. McGilvra.

"Before me, Wm. W. Theobalds, Register in Bankruptcy."

"Third Judicial District of Washington Territory—ss.

"[By WILLIAM W. THEOBALDS, Register:]

"I, William W. Theobalds, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following questions arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: John J. McGilvra, who appeared for claimant, Benjamin Stretch, and George N. McCaraber, who appeared as assignee and for the creditor, and by A. N. Merrick, who represented the bankrupt and certain creditors. The question at issue was whether the claim of Benjamin Stretch be allowed, of one hundred and ninety-eight dollars, for costs as sheriff, in an attachment or attachments against certain property of said bankrupt, by him claimed as exempt, should be filed and allowed and paid to him as one of the creditors of the bankrupt's estate. Said claim of Benjamin Stretch appears more fully in paper marked 'A,' filed with me, and made a part of this statement, and was objected to, and the grounds of objection stated in paper marked 'B,' also filed with me by G. N. McCaraber, assignee, and by Charles H. Preston, through his attorney, A. N. Merrick, and made a further part of this statement. And the said parties did agree, on July twentieth, eighteen hundred and seventy-one, before me, and before Judge JACOBS, that the above question should be certified to said judge for his opinion thereon. Dated at Seattle, this July twenty-first, eighteen hundred and seventy-one."

"Comes now the assignee of the above-named bankrupt, George N. McCaraber, and objects to the proving and allowing of the claim of Benjamin Stretch, as a preferred or other claim against the estate of said bankrupt, on the following grounds: First. For the reason that the claims of the said Stretch constituted no part of the indebtedness of the said Preston at the time of filing said bankrupt's petition, March eighteen, eighteen hundred and seventy-one; and that being for costs incurred in attaching and holding property claimed as belonging to the said Preston, he has no lien under the provisions of the bankrupt act. Second. That if Stretch had a lien for his costs up to the time of filing of the petition in bankruptcy, March eighteen, eighteen hundred and seventy-one, he lost and parted with the same when he sued, and lost possession of the property, March twentieth, eighteen hundred and seventy-one. Third. That the claim of the said Stretch is not among those made provable under section nineteen of the bankrupt act, which section expressly excludes all others not mentioned in said section. Fourth. That the claim of the said Stretch cannot be admitted for this reason, that a greater part of the costs were created by attaching and holding property which was exempt under the laws of Washington Territory, and which has been set apart as exempt by the assignees for the benefit of said bankrupt. Fifth. That a part of said costs were incurred in an attachment suit of Waterman and Katz, which claim never was filed in the bankrupt court for proof. Sixth. That the bill of costs is so rendered that it is impossible to decide how much costs were incurred upon the raft of logs, (even if he had a lien,) separate and apart from the exempted property. Seventh. That a portion of said bill of costs was incurred after the filing of the petition of said bankrupt.   G. N. McCaraber, Assignee."

"C. H. Preston, by his attorney, A. N. Merrick, objects to the proving and allowing of the claim of the said Stretch, on the grounds above stated; and the said A. N. Merrick also appears to raise the same objection, as the attorney in fact of the following named creditors of the said Preston, viz:—G. W. Preston, Rothschild & Co., J. F. Sheehan, C. Eisenheis, and D. N. Hyde. A. N. Merrick,

Attorney for Bankrupt and Above-Named Creditors."

George N. McCaraber and A. N. Merrick, for creditors and bankrupt.

John McGilvra, for Stretch.

JACOBS, J. Two bills of cost have been filed against the estate of said bankrupt by attaching creditors, and their allowance asked for; or rather, the claim is preferred by the sheriff who serves the attachments, and for a while kept the property in exoneration of the attaching creditors. The proof and allowance of these claims are objected to by the assignee, by the creditors who have proved their claims and by the bankrupt. The questions arising thereupon have been duly certified up by the register for decision.

1st. Then, as to the cost bill preferred by the sheriff, in the case of "Waterman and Katz," it is objected by the assignee, because the claim of "Waterman and Katz" has never been proven. In other words "Waterman and Katz," have neither presented nor proven any claim against the estate of the bankrupt. This objection is well taken, and conclusively disposes of the sixty dollars and twenty-five cents claim against the estate in that case. The debt or principal must be proven and allowed before the costs made before the commencement of proceedings in bankruptcy can be proven and allowed. The costs are but incident. If there is no principal or debt, there can be no incident.

2d. In the case of J. P. White's attachment costs, several objections are made by the assignee, and certified up by the register.

First. It has already been decided by Judge Grier, that the sheriff has no lien or preference in this cost bill.

Second. The question now is, White's debt having been duly proven and allowed, whether the attachment costs can be proven as a general debt against the estate of the bankrupt. I am of the opinion that they can be, if made in good faith before the commencement of proceedings in bankruptcy, and were made without a knowledge of the insolvency of the party and with no intention to defeat the operations of the bankrupt act. It is not objected in this case that the attaching creditor knew of the insolvency of the bankrupt, or that the attachment was made to defeat the operation of the bankrupt law. But it is objected that a part of these costs were made after the commencement of proceedings in bankruptcy.

I find in reference to the cost bill on file, that fifty-six dollars have been charged for service and return of attachment on a boom of logs, and for keeping the same to March twentieth, eighteen hundred and seventy-one. Proceedings in bankruptcy were commenced on the eighteenth, hence all attachments were dissolved at that date. Hence, I disallow two days keeping at the rate charged, (two dollars per day) and allow the rest, fifty-two dollars.

Third. The charge for attaching and keeping the oxen and camp gear turned over to the bankrupt as exempted property is all disallowed. The sale of said property was null and void. 1st, because it was made after the commencement of proceedings in bankruptcy, and 2d, because the property was not subject to attachment and sale under the laws of this territory or the bankrupt law.

The register is directed to allow, upon due proof, the fifty-two dollars specified herein, to be paid in the regular order of distribution.

[For subsequent proceedings in this litigation, see Case No. 11,394.]